**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NENG  SAYPAO  PHA,<br><br>                    Plaintiff-Appellant,<br><br>   v.<br><br>GARY SWARTHOUT, WARDEN,<br><br>                    Defendant-Appellee. | No.    15-16028<br><br>D.C. No. 2:13-cv-01133-MCE-GGH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Morrison England, Jr., Chief District Judge, Presiding

Argued and Submitted July 6, 2016
San Francisco, California

Before: BERZON, and N.R. SMITH, Circuit Judges, and ZOUHARY,[**] District Judge.

The district court did not err in denying Neng Pha habeas relief.  The primary

issue on appeal is whether the district court erred in denying Pha's claim that the state

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.


[**]    The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

court unreasonably denied him juror information to explore a possible claim of juror bias, thereby denying him a meaningful evidentiary hearing regarding such bias. We affirm.

1. In a post-trial email from a juror to the prosecutor, the juror complimented him on his trial presentation. The prosecutor shared the email with the court and defense counsel. Subsequently, defense petitioned for disclosure of the jurors' addresses and telephone numbers for discovery purposes in anticipation of an evidentiary hearing for juror misconduct and/or a motion for a new trial. Pursuant to Cal. Code Civ. Pro. § 237, the state court held a hearing on the petition and, in its discretion, denied the petition. The court determined that the petitioner had not made a prima facie good cause showing of juror misconduct. The trial court specifically found no proof

> that the juror ignored evidence, that she failed to deliberate, that she had a bias that was undisclosed, or that she had a bias either for the victim or against the defendant that rose to the level so that she could not fairly and objectively consider the evidence and participate in deliberations with the other jurors.

The California Court of Appeal affirmed, finding that the state court reasonably concluded that the email, while "unusual," did not suggest the juror improperly shared her feelings with other jurors or harbored a bias toward Pha.

2

Pha's petition fails for two reasons. First and foremost, Pha was not entitled under clearly established federal law either to juror contact information or to an evidentiary hearing on his claim of juror misconduct. Pha identifies no Supreme Court decision addressing a defendant's entitlement to written discovery upon suggestion of juror misconduct. Instead, he appears to argue, as he did before the state courts, that a *Remmer*-type hearing is useless without pre-hearing discovery. Thus, to the extent he argues the state court wrongly denied him jurors' addresses and phone numbers, that decision was not contrary to or an unreasonable application of clearly established federal law. *See White v. Woodall*, 134 S. Ct. 1697, 1706 (2014) ("'[I]f a habeas court must extend a rationale before it can apply to the facts at hand,' then by definition the rationale was not 'clearly established at the time of the state-court decision.'" (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004))).

Further, this Court has repeatedly held that "*Remmer* and *Smith* do not stand for the proposition that any time evidence of juror bias comes to light, due process requires the trial court to question the jurors alleged to have bias." *Tracey v. Palmateer*, 341 F.3d 1037, 1044 (9th Cir. 2003). Contrary to Pha's suggestion, "[n]either case mandates a hearing whenever evidence of juror bias is raised." *Sims v. Rowland*, 414 F.3d 1148, 1153 (9th Cir. 2005). "Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the

3

seriousness of the alleged misconduct or bias, and the credibility of the source." *Tracey*, 341 F.3d at 1044 (internal quotation marks omitted). That is precisely what the state trial court did. The court held a hearing on Pha's petition and decided his claim deserved no encouragement to go further; clearly established federal law requires nothing more. *See Sims*, 341 F.3d at 1045.

Second, the state courts reasonably concluded that the email did not suggest the juror improperly shared her feelings with the other jurors or harbored a bias towards Pha. The Supreme Court recognizes juror impartiality as an issue "encompassing more than 'basic, primary, or historical facts,'" whose "resolution depends heavily on the trial court's appraisal of witness credibility and demeanor." *Thompson v. Keohane*, 516 U.S. 99, 111 (1995). Accordingly, the "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Ritcher*, 562 U.S. 86, 101 (2011).

2. The evidence Pha seeks to adduce is barred in any event by Federal Evidence Rule 606(b). A juror's personal history does not fall within any of Rule 606(b)'s exceptions because it derives not from "a source 'external' to the jury," but from "'internal' matters includ[ing] the general body of experiences that jurors are understood to bring with them into the jury room." *Warger v. Shauers*, 135 S. Ct.

4

521, 529 (2014). Thus, even were Pha granted an evidentiary hearing, he would be barred from exploring whether the juror shared her feelings in the deliberation room and what effect any disclosure might have had on the jury.

**AFFIRMED.**

FILED

AUG 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Pha v. Swarthout*, No. 15-16028

Berzon, Circuit Judge, concurring:

    I concur in Paragraph 2 of the memorandum disposition and so in the judgment.

1